**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS WOODBERRY,

Petitioner-Appellant,

No. 05-3304

v.

(D. of Kan.)

DAVID McKUNE, Warden, Lansing
Correctional Facility, and
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

(D.C. No. 03-CV-3409-SAC)

Respondents-Appellees.

**ORDER** [*]

Before **HARTZ** , **EBEL** , and **TYMKOVICH** , Circuit Judges. [**]

Petitioner-Appellant Thomas Woodberry, a state prisoner appearing pro se,

is a frequent filer in both the state and federal courts. His latest appeal arises

from the district court's transfer of his habeas corpus petition alleging, among

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

other claims, that his sentence was illegally aggregated. Because the court construed his claims to assert a violation of 28 U.S.C. § 2254 and found that the petition constituted a second or successive habeas petition, authorization from this court was required before the district court could proceed. Pursuant to 28 U.S.C. § 2244, this court denied such authorization.

Woodberry subsequently filed a motion for relief from judgment under Fed. R. Civ. P. 60(b), alleging the government misrepresented facts before the district court resulting in the court's improper characterization of his claim as a § 2254 motion as opposed to a § 2241 motion. [1] Woodberry alleges this improper characterization ultimately resulted in the erroneous dismissal of his claim. The district court dismissed this motion, again construing it as a second or successive habeas petition. He now appeals.

As the Supreme Court recently held, a Rule 60(b) motion should not be construed as a second or successive habeas petition where it alleges a "defect in the integrity of the federal habeas proceedings" under § 2254. *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648 (2005); *see id.* at 2648 n.4 (noting that a Rule

---

[1] A § 2254 motion, involving a challenge to the validity of the sentence, requires pre-certification from an appropriate court of appeals before a district court may consider the merits of the claim. *See* 28 U.S.C. § 2244(b)(3)(A); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). On the other hand, a § 2241 motion, involving a challenge to the execution of the sentence, does not require such certification. *See* 28 U.S.C. § 2244(a); *Davis*, 425 F.3d at 833.

60(b) motion "merely assert[ing] that a previous ruling which precluded a merits determination was in error" is not the equivalent of a second or successive habeas petition). "Fraud on the federal habeas court is one example of such a defect." *Id.* at 2648 n.5.

Yet, even assuming a liberal construction of Woodberry's claim asserts such a defect, his appeal still should be dismissed. When fraud is alleged, it must be pleaded with particularity. Fed. R. Civ. P. 9(b); *see also Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (noting that to be entitled to an evidentiary hearing on claims raised in a habeas petition, the petitioner's allegations must be "specific and particularized, not general or conclusory"). Woodberry's conclusory allegation that the government "used unsubstantiated facts to allow the Kansas district court to apply an erroneous procedural bar," Aplt.'s Br. at 2, does not satisfy this standard.

Accordingly, we DISMISS Woodberry's appeal and DENY his motion to proceed *in forma pauperis*.

Entered for the Court

Clerk of the Court