**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARLTON RAY MARTINEZ-BEY,

Petitioner-Appellant,

v.

JOSEPH G. ORTIZ, Executive
Director of the Colorado Department
of Corrections.

Respondent-Appellee.

No. 06-1067
(D.C. No. 05-cv-00907-MSK-MJW)
(Colorado)

**ORDER**[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

Carlton Ray Martinez-Bey, a Colorado state prisoner proceeding *pro se*,

seeks a certificate of appealability (COA) to challenge the district court's denial

of his application for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  A state

prisoner must obtain a COA before he can appeal the district court's denial of his

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] The district court denied Mr. Martinez-Bey's application for a certificate
of appealability (COA) and his motion to proceed *informa pauperis* (*ifp*).

§ 2241 petition. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). For the following reasons, we deny his application for a COA and motion to proceed *informa pauperis* (*ifp*).

Mr. Martinez-Bey was convicted in two separate proceedings in 1984 of numerous crimes, including kidnaping, sexual assault and robbery, and was sentenced to multiple concurrent and consecutive sentences. In 1990, he received an additional consecutive sentence of 30 months after his conviction for attempt to possess contraband. Under Colorado law, Mr. Martinez-Bey is considered to be serving one composite sentence of 46 years and 6 months. In December 2001, he was evaluated for parole for the first time, but it was ultimately denied. He was informed that, pursuant to state law, he would not be reconsidered for parole for another three years.

Mr. Martinez-Bey filed a motion under Colorado Rule of Civil Procedure 60(b), challenging the Colorado Department of Correction's (CDOC) computation of his sentence and the parole board's refusal to reconsider him for parole for an additional three years. The state district court denied the motion, and the Colorado Supreme Court affirmed. Mr. Martinez-Bey then filed this § 2241 petition, claiming his constitutional rights were violated when (1) the CDOC misconstrued his sentence as a "single" sentence rather than a "continuous" sentence; (2) the parole board deferred his next hearing for three years; and (3) the CDOC continued to hold him beyond what he views as the expiration of his

sentence. The district court ordered the respondent to show cause and subsequently denied Mr. Martinez-Bey's petition in a thorough and well-reasoned opinion.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state habeas petitioner "has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). He first must obtain a COA in order for this court to have jurisdiction over the appeal. *See id*. at 336. We may issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To do so, a petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. (internal quotation marks omitted).

In determining whether the petitioner has made the required showing, we review the claims presented in his habeas petition and generally assess their merit. *See Miller-El*, 537 U.S. at 336. In doing so, we "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Id*.

After reviewing the parties' briefs and relevant Colorado law, we conclude Mr. Martinez-Bey has failed to make the showing required for the issuance of a COA for substantially the same reasons set forth in the district court's decision.

Mr. Martinez-Bey has not shown that reasonable jurists could debate the district court's determination that he is not being unconstitutionally held beyond the end of his sentence nor unconstitutionally denied consideration of parole before the end of three years. Moreover, because Mr. Martinez-Bey has failed to demonstrate the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997), we deny his request to proceed *ifp*.

For the foregoing reasons, we **DENY** Mr. Martinez-Bey's *ifp* motion and his application for a COA, and we **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge