**Joe JOHNSON, Jr., Petitioner–Appellant,**

v.

**OKLAHOMA DEPARTMENT OF CORRECTIONS; Justin Jones, Director, Respondents–Appellees.**

**No. 08–6043.**

United States Court of Appeals, Tenth Circuit.

May 19, 2008.

Joe Johnson, Jr., Lawton, OK, pro se.

Ronald A. Anderson, Ronald A. Anderson, Oklahoma City, OK, for Respondents–Appellees.

Before BRISCOE, MURPHY, and HARTZ, Circuit Judges.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

HARRIS L. HARTZ, Circuit Judge.

Joe Johnson Jr. is a prisoner in the custody of the Oklahoma Department of Corrections (ODOC). He requests a certificate of appealability (COA) to challenge the dismissal of his application for relief under 28 U.S.C. § 2241. *See Davis v. Roberts,* 425 F.3d 830, 833 (10th Cir.2005) (state prisoner must obtain COA before appealing denial of application filed under

---

§ 2241). Because the district court found that his application was procedurally barred and Mr. Johnson has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), we deny Mr. Johnson's request for a COA.

Mr. Johnson asserts that he was denied due process during a prison disciplinary proceeding on October 10, 2006. At that proceeding he was found to have possessed contraband and was sanctioned. Mr. Johnson's appeal within the ODOC was dismissed as untimely. He then filed in state district court an application under Okla. Stat. Ann. tit. 57, § 564.1 for judicial review of a prison disciplinary hearing. The court denied relief on alternative grounds, one of which was that Mr. Johnson had not exhausted his administrative remedies. The Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial on both alternative grounds. Mr. Johnson then filed an application for relief under § 2241 in the United States District Court for the Western District of Oklahoma. The magistrate judge recommended dismissal of his application on multiple grounds, including that Mr. Johnson was procedurally barred for failure to exhaust his administrative remedies. The district court adopted the report and recommendation and dismissed Mr. Johnson's application.

A federal habeas court ordinarily may not grant relief "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In such a case "the state judgment rests on independent and adequate state procedural grounds." *Id.* at 730, 111 S.Ct. 2546.

Here, Mr. Johnson failed to meet a state procedural requirement, which was one basis upon which the OCCA declined to review Mr. Johnson's claims. To overcome his procedural default, Mr. Johnson must either "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750, 111 S.Ct. 2546.

Mr. Johnson has made no attempt to show cause for his failure to file a timely administrative appeal, but we understand him to be arguing that his procedural default should be excused to avoid a "fundamental miscarriage of justice." "This exception, however, is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir.2007) (brackets and internal quotation marks omitted). A claim of actual innocence must be based on "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

To prevail on an actual-innocence claim, Mr. Johnson must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). He must demonstrate that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327, 115 S.Ct. 851. This he has not done. Mr. Johnson provided the district court with three affidavits asserting his innocence: his own, and those of two fellow inmates. The district court ruled that in light of the contrary statements by correc-

tional officers, testimony by the affiants would not likely have convinced all reasonable factfinders of Mr. Johnson's innocence. Reasonable jurists could not debate that ruling.

We note that Mr. Johnson has also claimed that indisputable evidence would establish his innocence. He has asserted that the ODOC possesses a surveillance videotape of the area in which the contraband was discovered and that this videotape would prove that he did not possess the contraband. But an official at the ODOC explained in an affidavit that no such tape exists, because (1) no camera was then directed toward the location in question, and (2) the system in place at the time was on a 24–hour continuous loop, and nothing caused prison officers to pull the tape before it was recorded over. Mr. Johnson offered no evidence to refute this statement.

Because no reasonable jurist would find debatable the district court's ruling that Mr. Johnson's § 2241 application is procedurally barred, we DENY Mr. Johnson's application for a COA and dismiss the appeal.