FILED
United States Court of Appeals
Tenth Circuit

June 20, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MYOUN L. SAWYER,

Plaintiff-Appellant,

v.

JEROME A GORMAN, District
Attorney, Wyandotte County District
Attorney's Office; JOHN J.
McNALLY, District Court Judge,
Wyandotte County District Court;
KATHLEEN COLLINS, Clerk of the
District Court, Wyandotte County
District Court; and JAN A. WAY,
Magistrate Judge, Wyandotte County
District Court,

Defendants-Appellees.

No. 08-3066

(D. of Kan.)

(D.C. No. 08-CV-3015-SAC)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Myoun L. Sawyer appeals the district court's *sua sponte* dismissal of his pro se complaint.[1]  In the complaint, Sawyer alleged Defendants—a prosecutor, a court clerk, and two state court judges—violated several of his constitutional rights in the course of prosecuting him on misdemeanor charges.  In his 42 U.S.C. § 1983 complaint, Sawyer requested monetary damages and release from incarceration.  Because Sawyer proceeded *in forma pauperis* (IFP) and was subject to 28 U.S.C. § 1915(e)(2)(B)(iii) requirements, the district court *sua sponte* dismissed his complaint for monetary damages based on Defendants' absolute immunity.  The court also dismissed without prejudice Sawyer's request for release from confinement, concluding such relief was unavailable in a § 1983 action.

We agree with the district court's reasoning and therefore DISMISS this appeal.

## I.  Background

In November 2006, Sawyer was charged with eight misdemeanor counts of lewd and lascivious behavior.  Kan. Stat. Ann. § 21-3508(a)(2).  State court Magistrate Judge Jan A. Way set bail for $25,000.  In April 2007, District

---

[1]  Because Sawyer is proceeding pro se, we review his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Attorney Jerome A. Gorman amended the charges by removing the word "publicly."[2]

During pretrial proceedings, state District Court Judge John J. McNally imposed several restrictions in response to Sawyer's courtroom disturbance. The docket reflects the following entry: "Due to outburst in courtroom[,] clerks office is directed to accept no further pro se pleadings in the case[.] Sheriffs office is directed to transport defendant to court with a gag in place until the trial of this matter to a jury." R., Doc. 1, Ex. 5. Pursuant to this order, Clerk Kathleen Collins rejected Sawyer's November 2007 pro se filing.

The record does not tell us the outcome of Sawyer's prosecution on the eight counts of lewd and lascivious behavior. But in January 2008, Sawyer filed a § 1983 complaint, alleging Defendants violated his constitutional rights by amending the charges against him, imposing an unreasonable bail, ordering that he be gagged during pretrial proceedings, implementing filing restrictions, and rejecting his pro se filings pursuant to the restrictions. Sawyer seeks monetary damages against all Defendants as well as release from incarceration.

---

[2] Kansas defines "[l]ewd and lascivious behavior" as, among other things, "publicly exposing a sex organ *or* exposing a sex organ in the presence of a person who is not the spouse of the offender and who had not consented thereto." Kan. Stat. Ann. § 21-3508(a)(2) (emphasis added). The disjunctive "or" appears to separate two type of lewd and lascivious behavior: (1) publicly exposing a sex organ and (2) exposing a sex organ in the presence of a person who is not the spouse of the offender. The amendment thus clarified Sawyer was being charged under the second type.

## II.  Discussion

### A.  Dismissal Under § 1915(e)(2)(B)(iii)

Sawyer proceeded IFP below and is thus subject to the requirements of 28 U.S.C. § 1915.  Under § 1915(e)(2)(B)(iii), district courts must dismiss an IFP complaint if it "seeks monetary relief against a defendant who is immune from such relief."  Applying this requirement, the district court dismissed Sawyer's complaint because all Defendants were shielded from liability by absolute immunity.

"We review determinations of absolute immunity *de novo*."  *Perez v. Ellington*, 421 F.3d 1128, 1133 (10th Cir. 2005).  "Absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion."  *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006).

Defendants are clearly protected by absolute immunity.  First, state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are "taken in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  Sawyer's allegations against Judges McNally and Way—challenging the imposition of a $25,000 bail, pro se filing restrictions, and an order that Sawyer be transported to court with a gag in place—clearly implicate actions taken in the judges' judicial capacity, and also not in the absence of all jurisdiction.  Judges McNally and Way are therefore absolutely immune from Sawyer's damages claim against them.

Second, "a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." *Mink v. Suthers*, 482 F.3d 1244, 1261–62 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1122 (2008). District Attorney Gorman's amendment of criminal charges against Sawyer by removing references to public conduct constituted Gorman's advocacy on behalf of the government. By challenging that action, Sawyer asserts a claim for which Gorman is absolutely immune.

Finally, "immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) (quotation and brackets omitted). Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, "where their duties had an integral relationship with the judicial process." *Id.* (quotation omitted). In rejecting, pursuant to a court order, Sawyer's pro se filing, Clerk Collins was acting "as an official aide of the judge," *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981), and is accordingly absolutely immune from Sawyer's damages claim.

In sum, all Defendants are absolutely immune from monetary damages alleged in Sawyer's complaint.

**B. Dismissal of § 1983 Complaint Seeking Release from Confinement**

The district court dismissed without prejudice Sawyer's complaint to the extent he sought release from confinement. Because "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement [and] must seek federal habeas corpus relief (or appropriate state relief) instead," *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotation marks and citations omitted), we agree with the district court's decision. And while ordinarily a pro se inmate's § 1983 complaint, construed liberally, can be recharacterized as a habeas petition under 28 U.S.C. § 2254, the inmate "may prefer to have his claim dismissed . . . because of the potential consequences with respect to any § 2254 claim he may file in the future." *Davis v. Roberts*, 425 F.3d 830, 834–35 (10th Cir. 2005) (noting limitations on filing successive § 2254 petitions).

Accordingly, the district court did not abuse its discretion in dismissing without prejudice Sawyer's request for release from confinement, which he might be able to refile as a § 2254 petition.

### III. Conclusion

For the foregoing reasons, we DISMISS Sawyer's appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge