**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLIFFORD N. WOODS,

      Petitioner-Appellant,

v.

MIKE ARELLANO, Warden,

      Respondent-Appellee.

No. 09-1419
(D.C. No. 1:09-CV-00238-ZLW)
(D. Colo.)

**ORDER**[*]

Before **HARTZ**, **SEYMOUR** and **ANDERSON**, Circuit Judges.

Petitioner-Appellant Clifford N. Woods, appearing *pro se*, seeks a

certificate of appealability (COA) from this court to appeal the district court's

dismissal of his 28 U.S.C. § 2241 petition for habeas relief. *See* 28 U.S.C. §

2253(c)(1)(a). He also seeks leave to proceed *in forma pauperis* ("*ifp*"). Because

Mr. Woods failed to exhaust his claims in state court, we deny his request for a

---

[*]This order is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

COA. We also deny his request to proceed *ifp*.[1]

On May 1, 2006, Mr. Woods pled guilty to one count of witness tampering (05CR1843) in violation of Colo. Rev. Stat. § 18-8-707. He received a four-year suspended sentence, subject to his successful completion of four years' probation. He did not timely file a direct appeal.

In January 2007, Mr. Woods was charged in a separate case (07CR243) with two counts of first degree burglary in violation of Colo. Stat. Ann. § 18-4-202(1), two counts of third degree assault in violation of Colo. Stat. Ann. § 18-3-204, and one count of obstruction of telephone or telegraph service in violation of Colo. Stat. Ann. § 18-9-306.5. The complaint in that case was subsequently amended to include three counts of habitual criminal sentence enhancer. A jury convicted Mr. Woods of third degree assault, obstruction of telephone or telegraph service, and violation of a protective order, but acquitted him of the other charges.

In the meantime, a complaint for revocation of probation in 05CR1843 was filed based on the charges pending in 07CR243. A joint hearing was held on February 28, 2008 regarding the probation revocation in 05CR1853 and the sentencing in 07CR243. At that hearing, the court revoked Mr. Woods's

---

[1] We deny Mr. Woods's pending motion for summary judgment filed with this court on December 17, 2009, and his motion for default judgment filed on January 14, 2010.

probation and imposed a four-year sentence, to be served consecutively to the sentences being imposed in 07CR243. In the latter case, the court sentenced Mr. Woods to concurrent sentences of twenty-four months' imprisonment for the assault, twenty-four months' imprisonment for the obstruction, and twelve months' imprisonment for violation of the protective order, with 410 days' credit for time served. Mr. Woods's direct appeal in 07CR243 is currently pending in the Colorado Court of Appeals.

On March 5, 2009, Mr. Woods filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2241. His petition asserted various denials of his constitutional rights (Claim I), attacked the legality of his sentence in 07CR243 (Claim II), and asserted that he was not given a probation revocation evidentiary hearing in 05CR1853 in violation of his due process rights (Claim III). The magistrate judge instructed Mr. Woods to file an amended petition to raise only claims that challenged the execution of his sentence under § 2241. *Compare Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."), *with Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("To the extent that [petitioner] is challenging the validity or legality of the sentence he is currently serving, his claim should be brought under § 2254."). Nevertheless, two of the three issues Mr. Woods asserted in his amended petition raised claims properly brought under 28 U.S.C. §

2254.

On April 30, 2009, the district court issued an order dismissing all but one of Mr. Woods's claims on the basis that they did not challenge the execution of his sentence and thus § 2241 did not serve as the proper vehicle for collateral attack. The court held, however, that Mr. Woods's challenge to the absence of a probation revocation hearing ("Claim III") was properly brought under § 2241. The court issued an order directing the state of Colorado to provide a limited response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.

In its response, the state contended, *inter alia*, that Mr. Woods had not exhausted Claim III in Colorado state court. The state urged that the petition should be denied because Mr. Woods failed to establish the requisite cause and prejudice for the default, or to demonstrate the presence of a fundamental miscarriage of justice, necessary to overcome the procedural bar.

Upon review, the district court observed that Mr. Woods had not addressed the state's procedural bar argument, nor had he made the requisite showing of cause, prejudice, or a fundamental miscarriage of justice. The court concluded that "Claim Three was not properly exhausted and now is procedurally barred," and dismissed the petition. Mr. Woods seeks a COA to appeal the district court's ruling.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28

-4-

U.S.C. § 2254(d), a COA is a jurisdictional prerequisite to our review of the dismissal of a § 2241 petition. *See* 28 U.S.C. § 2253(c)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). We will issue a COA only if the petitioner has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a petition on procedural grounds, the petitioner "must [also] demonstrate . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Clark*, 468 F.3d at 713 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In determining whether Mr. Woods has made such a showing, "[w]e review the district court's factual findings for clear error and its legal conclusions de novo." *Id*. at 714.

We agree with the district court that Mr. Woods's due process challenge to his probation revocation (Claim III) was the only claim challenging the execution of his sentence and was therefore the only claim properly before the court pursuant to 28 U.S.C. § 2241.[2] With respect to that claim, "[i]t has been settled since *Ex parte Royall*, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Mr. Woods did

---

[2] To the extent that Mr. Woods's petition for a COA raises issues outside the scope of his original habeas petitions, we will not address them. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("[A] federal appellate court does not consider an issue not passed upon below.").

not pursue Claim III in state court and thereby failed to exhaust his state court remedies. He has not made a showing of "rare and exceptional circumstances," *see Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)), sufficient to excuse his failure to exhaust on equitable grounds. We therefore conclude that reasonable jurists could not debate the propriety of the district court's procedural ruling.

Accordingly, we **DENY** Mr. Woods's request to proceed *ifp*, **DENY** his request for a COA, and **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge