FILED
United States Court of Appeals
Tenth Circuit

**July 11, 2012**

Elisabeth A. Shumaker
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ELROY TILLMAN,

      Plaintiff-Appellant,

v.

ALFRED C. BIGELOW, Warden of Utah
State Prison; CURTIS L. GARNER,
Chairman of Board of Pardons and Parole,

      Defendants-Appellees.

No. 12-4026

(D.C. No. 2:11-CV-00041-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Plaintiff Elroy Tillman, a Utah state prisoner, appeals from the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal of his 42 U.S.C. § 1983 civil rights complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

In 1983, Tillman was convicted by a Utah state jury of capital murder and sentenced to death. In 2001, Tillman filed a petition for state post-conviction relief alleging that the State of Utah had violated his right to due process under Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose evidence favorable to him. Although the state district court concluded that the violation was insufficient to warrant a reversal of Tillman's conviction, it "was persuaded that the probability of prejudice resulting from the undisclosed [evidence] was sufficiently high to undermine [its] confidence in the death sentence imposed" on Tillman. Tillman v. State, 128 P.3d 1123, 1128 (Utah 2005). Accordingly, the state district court vacated Tillman's death sentence and ordered a new sentencing proceeding. On December 23, 2005, Tillman was resentenced to life imprisonment.

On February 24, 2009, Tillman appeared before the Board of Pardons and Parole of the State of Utah (the Board). The Board subsequently issued a decision on October 1, 2009, ordering that Tillman "serve Natural Life in Prison." ROA, Vol. 1, at 34. The decision expressly noted that it "[wa]s subject to review and modification by the Board . . . at any time until actual release from custody." Id.

On January 13, 2011, Tillman, appearing pro se and proceeding in forma pauperis, filed a civil rights complaint pursuant to § 1983 alleging that the Board acted illegally by

2

converting his sentence from life imprisonment with the possibility of parole to a "natural life prison sentence." Id. at 14. Tillman's complaint sought relief in the form of an order directing the Board "to stop its illegal actions," ROA, Vol. 1, at 29, and "mandating that his case be remanded to [the Board] for a just and unbiased meaningful consideration of his parole eligibility," id. at 28.

The district court dismissed Tillman's complaint, concluding that it failed to state a proper claim for relief under § 1983. More specifically, the district court concluded that Tillman's "claims regarding the B[oard]'s execution of his sentence should . . . be brought in a § 2241 habeas-corpus petition," id. at 57-58, and "[we]re inherently irremediable as civil-rights claims brought under § 1983," id. at 58. Although Tillman moved to alter or amend the judgment of dismissal, the district court denied that motion.

Tillman filed a timely notice of appeal. He has since filed with this court an opening brief and a motion for leave to proceed in forma pauperis on appeal.

II

The district court in this case dismissed Tillman's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). That statutory provision, applicable to cases filed in forma pauperis, provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review de novo a district court's order of dismissal under § 1915(e)(2)(B)(ii). McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001).

After examining the record on appeal, we conclude that the district court properly

dismissed Tillman's complaint for failure to state a claim on which relief could be granted. Tillman's complaint focuses exclusively on the Board's decision ordering that he serve "Natural Life in Prison" (and effectively denying him parole). Further, Tillman's complaint seeks no damages. Instead, it seeks only an order declaring the Board's conduct illegal and directing the Board to conduct a new hearing to consider his right to parole. As the district court correctly noted, Tillman's claims essentially challenge the execution of his sentence and must be brought, if at all, in a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005).

The judgment of the district court is AFFIRMED. Tillman's motion for leave to proceed in forma pauperis on appeal is DENIED. One "strike" shall be assessed against Tillman for purposes of 28 U.S.C. § 1915(g).

Entered for the Court

Mary Beck Briscoe
Chief Judge

4