FILED
United States Court of Appeals
Tenth Circuit

November 23, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TERRANCE L. GAYTON,

    Petitioner - Appellant,

v.

ANTHONY ROMERO, Warden;
GARY K. KING, Attorney General for
the State of New Mexico,

    Respondents - Appellees.

No. 12-2035
(D.C. No. 1:11-CV-00356-JCH-LFG)
(D.N.M.)

ORDER DENYING CERTIFICATE
OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Terrance L. Gayton, a prisoner in the custody of the State of New Mexico

proceeding pro se,[1] seeks a certificate of appealability ("COA") to appeal the

---

[*]     This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]     Because Mr. Gayton is proceeding pro se, we construe his filings
liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n. 2 (10th Cir. 2010).

district court's denial of his 28 U.S.C. § 2241 petition.[2]  Because we agree with the district court that Mr. Gayton has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we **deny** his request for a COA and **dismiss** this matter.

In 2009, Mr. Gayton pleaded guilty to a charge of trafficking by possession with intent to distribute cocaine and was sentenced to a ten-year period of incarceration.  Nine years of Mr. Gayton's sentence were suspended and he was given a two-year term of parole and a five-year period of supervised probation.  In 2010, Mr. Gayton's probation was revoked because he had violated the conditions of his probation; he was sentenced to serve a term of 1545 days, with a parole term of two years.  Mr. Gayton successfully challenged the calculation of 1545 days and his sentence was corrected to a term of 1460 days.  After exhausting his state remedies,  Mr. Gayton filed a petition for a writ of habeas corpus in the District of New Mexico, challenging his corrected sentence and

---

[2]      Mr. Gayton styled his petition as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  However, because his petition challenged "the execution or duration of his sentence rather than its legality," the magistrate judge construed his petition as one under 28 U.S.C. § 2241.  Aplt. App. at 26 (Magistrate Judge's Findings & Recommended Disposition, filed Feb. 8, 2012).  Mr. Gayton did not object to this construction of his petition before the district court, nor does he challenge it before us.  Furthermore, we have no reason to question the propriety of this action.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (discussing whether the petition was "properly brought under § 2254 as a challenge to the validity of [the petitioner's] conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence").

alleging that the state court did not properly credit him with all of the time he had served and was requesting. The matter was referred to a magistrate judge who recommended dismissing Mr. Gayton's petition with prejudice. The district court overruled Mr. Gayton's objections to the magistrate judge's findings and recommendations and adopted them, dismissing Mr. Gayton's petition with prejudice. The district judge then sua sponte entered an order denying a COA to Mr. Gayton.

Mr. Gayton now seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2241 motion. Specifically, Mr. Gayton seeks a COA on three grounds: (1) his credits for time served were not recorded on his good-time figuring sheet or in the revocation order that the state court issued when it revoked his parole; (2) he was not given the correct presentence credits, as indicated by the fact that they are not noted on either his good-time figuring sheet or in the revocation order; and (3) the district court did not request a transcript for his parole revocation hearing, which would have proved that the state court erred in determining his sentence.

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A). We "read[] § 2253(c)(1)(A) as applying whenever a state prisoner habeas petition relates to matters flowing from a state court detention order. This includes . . .

-3-

challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241." *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000); *see Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). We will not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

After carefully reviewing the entire record, Mr. Gayton's combined brief and application for a COA, the magistrate judge's findings and recommendation, and the district court's order, pursuant to the framework set out by the Supreme Court in *Miller-El*, we find that Mr. Gayton is not entitled to a COA. As the district court aptly explained, Mr. Gayton does not meet his "burden of proof of clearly showing or stating how his sentence has been calculated by prison authorities, what particular calculations he asserts are erroneous, and the reasons and or authority for his assertions." Aplt. App. at 23–24 (citation omitted) (internal quotation marks omitted). "Instead, he again provides only conclusory allegations, without demonstrating with specificity, how the date of his projected

-4-

release was impacted by alleged credit still owed." *Id.* He has thus failed to make a substantial showing that he has been denied a constitutional right. Reasonable jurists could not debate whether Mr. Gayton's § 2241 motion should have been resolved in a manner different than that set out by the magistrate judge and adopted by the district court. The issues Mr. Gayton seeks to raise on appeal are not adequate to deserve encouragement to proceed further. Accordingly, we **deny** Mr. Gayton's request for a COA and **dismiss** this appeal.

Entered for the Court


JEROME A. HOLMES
Circuit Judge