FILED
United States Court of Appeals
Tenth Circuit

November 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARLLOWS BATTLE,

        Petitioner-Appellant,

v.

STATE OF NEW MEXICO,

        Respondent-Appellee.

No. 13-2168

(D.C. No. 1:12-CV-00972-MCA-SMV)

(D. of N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

Carllows Battle seeks a certificate of appealability (COA) to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we DENY the application for a COA and DISMISS the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

Represented by retained counsel, Battle pleaded no contest in New Mexico state court to a 2006 charge of conspiracy to possess marijuana with intent to distribute. He received a suspended sentence of eighteen months, which he has since served. He did not file a direct appeal. In 2008, Battle pleaded guilty in the Central District of Illinois to two drug charges and a firearms charge. The federal court sentenced him to 160 months imprisonment, six years supervised release, and a $300 penalty.

Alleging that the New Mexico conviction resulted in a significantly increased sentence for his federal offenses, Battle attempted to collaterally attack that conviction in state court, but the court denied his petition for relief in 2011. He then filed this habeas petition, asking the federal court to overturn the New Mexico conviction.

# II. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to obtain a COA before he can appeal denial of a § 2254 motion. 28 U.S.C. § 2253(c)(1)(A). A COA requires the applicant to make a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

Here, Battle argues his constitutional rights were denied because (1) he is actually innocent, (2) he received ineffective assistance of counsel and was constructively denied counsel, and (3) his plea was coerced. Before we can

-2-

address the merits of those claims, however, we must determine whether the New Mexico conviction, which Battle chose not to directly appeal, is still open to collateral attack.

In *Lackawanna Cnty. Dist. Attorney v. Coss*, the U.S. Supreme Court held, "if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant may not collaterally attack his prior conviction" through a motion under § 2254. 532 U.S. 394, 402 (2001) (internal quotation marks omitted).

Battle apparently concedes that, if he does not qualify for an exception, *Lackawanna* applies to his case. The only exceptions to *Lackawanna*'s general rule "exist when: 1) counsel is not appointed in violation of the Sixth Amendment; or 2) no channel of review is available through no fault of the petitioner." *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005).

We construe Battle's filing liberally because he is a *pro se* defendant, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and, in that context, we interpret Battle's argument on appeal to urge this court to create one of two new exceptions to the *Lackawanna* rule.

*First*, Battle contends that, since actual innocence claims can overcome other procedural bars to habeas review, *see, e.g.*, *McQuiggin v. Perkins*, 133 S.

Ct. 1924, 1932 (2013) (establishing that, if a certain burden is met, actual innocence claims may overcome procedural default and AEDPA's statute of limitations), actual innocence claims should overcome the *Lackawanna* bar.

But, even if this court were to extend the Court's holding in *McQuiggin* in this way, Battle cannot satisfy the *McQuiggin* exception's very high burden. "A petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence,* no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928 (internal quotation marks omitted) (emphasis added). Here, Battle concedes that he does not have new evidence to present to the court.

Still, Battle argues that the *McQuiggin* rule should apply equally to cases in which the alleged evidence of actual innocence was presented at trial. Battle has failed to identify existing law supporting his proposition, and, further, even if this court were willing to create the exception to the *Lackawanna* rule that Battle suggests, Battle would not qualify for it. Because he entered into a plea, he did not present any evidence of his innocence at trial. Instead, he made a strategic decision not to go to trial and is bound by it.

*Second*, Battle contends that, because his attorney allegedly failed to advise him that pleading guilty to the New Mexico offense could affect sentencing for later offenses, he was constructively denied counsel. He argues that this

constructive denial of counsel claim should allow him to bypass *Lackawanna*'s barrier.

Although he recognizes that an ineffective assistance claim does not create an exception to *Lackawanna*, *Davis*, 425 F.3d at 835, Battle argues that a constructive denial of counsel claim should be treated differently. Before the district court, he argued constructive denial of counsel was analogous to situations in which courts fail to appoint counsel to represent an indigent defendant in violation of the Sixth Amendment. On appeal, however, he contends that constructive denial of counsel claims are enough like the other exception to *Lackawanna*—when no channel of review was available through no fault of the petitioner—that we should extend that exception to permit Battle to go forward.

We cannot conclude, however, that a standard plea process, in which the only arguable misstep was counsel's failure to advise Battle about his plea's impact on future sentences, came anywhere near denying Battle of any channel of review. Battle understood that, by entering a plea, he waived his right to a trial, where a trial otherwise would have been available to him.

Furthermore, even if Battle's counsel did make this misstep, it does not constitute a constructive denial of counsel. *See United States v. Collins*, 430 F.3d 1260, 1265 (10th Cir. 2005) (holding that constructive denial of counsel exists only when counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing" such that "the evidence overwhelmingly established that the

attorney abandoned the required duty of loyalty to his client, and where counsel acted with reckless disregard for his client's best interests and, at times, apparently with the intention to weaken his client's case") (internal quotation marks omitted).

## III. Conclusion

Because Battle's case is not subject to the exceptions recognized in *Lackawanna* and neither of Battle's proposed exceptions is otherwise grounded in the law, we conclude that Battle's § 2254 petition is barred. Thus, we DENY his request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge