**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JEFFREY D. KING,

       Petitioner-Appellant,

v.

H. N. SCOTT,

       Respondent-Appellee.

No. 97-6009
(D.C. No. 96-CV-778)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LUCERO, Circuit Judges, and MARTEN,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

Petitioner-appellant Jeffrey Dean King appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Because petitioner has not made a substantial showing of the denial of a constitutional right, we deny his application for a certificate of appealability and dismiss the appeal.[1]

In 1989, petitioner was charged with first degree malice-aforethought murder, but was convicted of second degree felony murder. Because felony murder was not a lesser included offense of first degree malice-aforethought murder, the Oklahoma Court of Criminal Appeals reversed his conviction, and remanded the case for another trial. Upon remand, the state amended the information to charge petitioner with alternative counts of second degree depraved-mind murder and second degree felony murder. The jury again convicted petitioner of second degree felony murder, and petitioner was sentenced to 400 years' incarceration. On appeal, the Oklahoma Court of Criminal Appeals affirmed, rejecting petitioner's claims of double jeopardy, speedy trial violation, and insufficiency of the evidence.

---

[1] On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which amended 28 U.S.C. § 2253(c)(2) to require that a petitioner obtain a "certificate of appealability" as a prerequisite to bringing an appeal. Because petitioner filed his petition on May 16, 1996, he is subject to this requirement.

Petitioner brought this habeas proceeding in May 1996, alleging that his second trial constituted double jeopardy and violated his right to due process and a speedy trial. After considering petitioner's arguments, a magistrate judge recommended that the petition for a writ of habeas corpus be denied. Petitioner objected to the magistrate judge's recommendation, but because of a delay in the prison mail system, his objections were not filed until after the ten-day period within which objections must be filed. The district court adopted the magistrate judge's report and recommendation, and this appeal followed.

On appeal, petitioner argues that the district court improperly dismissed his objections to the magistrate judge's report and recommendation, and that the state lacked jurisdiction to amend the information to charge him with second degree murder after he was implicitly acquitted of the only offense charged in the original information. We conclude petitioner has not made a substantial showing of the denial of a constitutional right as to either claim. See 28 U.S.C. § 2253(c)(2).

Although the district court noted that petitioner filed his objections to the magistrate judge's recommendation one day after they were due, the court did not reject petitioner's objections. Instead, the court expressly reviewed the magistrate judge's report and recommendation "de novo," which is the standard applied when timely objections are filed. See 28 U.S.C. § 636(b)(1).

Further, there was no impropriety in amending the information to charge petitioner with second degree murder after he was implicitly acquitted of first degree murder. The bar of double jeopardy only prohibited petitioner's retrial for first degree murder, the charge upon which he was implicitly acquitted. See Green v. United States, 355 U.S. 184, 189-191 (1957) (holding defendant who was charged with first degree murder and convicted of second degree murder could not be retried on first degree murder charge after second degree murder conviction was overturned). Double jeopardy did not prohibit petitioner's retrial for second degree murder after his conviction was reversed on appeal. See Tibbs v. Florida, 457 U.S. 31, 39-42 (1982) (explaining that a defendant who successfully appeals a conviction may be retried for the same offense unless the reversal was based on a finding that the evidence was legally insufficient); see also Montana v. Hall, 481 U.S. 400, 404 (1987) ("It is clear that the Constitution permits retrial after a conviction is reversed because of a defect in the charging instrument.").

Petitioner's argument that the state was without jurisdiction to retry him on an "amended" information, as opposed to a "new" information, is meritless. The amended information began petitioner's prosecution anew, this is not a case in which petitioner was prejudiced by an amendment charging a different offense in the middle of trial. Cf. Fed. R. Crim. P. 7(e). Whether the information was

"new" or "amended" is merely a matter of semantics, and does not establish a substantial violation of petitioner's constitutional rights.

Petitioner's application for a certificate of appealability is DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge