FILED
United States Court of Appeals
Tenth Circuit

August 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY DEAN KING,

        Petitioner - Appellant,

v.

CHAD MILLER, Warden,

        Respondent - Appellee.

No. 14-6105
(D.C. No. 5:14-CV-00057-M)
(W.D. Oklahoma)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Petitioner and Appellant, Jeffrey Dean King, a state prisoner proceeding

*pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the

district court's dismissal of his 28 U.S.C. § 2254 petition without prejudice for

lack of jurisdiction. Concluding that Mr. King has failed to demonstrate

entitlement to the grant of a COA, we deny his request for a COA and dismiss

this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. King is currently serving a 400-year sentence following his conviction for second degree murder after earlier convictions for two or more felonies. One of those earlier convictions was for second degree burglary, to which he pled guilty in June 1984. He served a two-year sentence of imprisonment for that conviction. Mr. King did not appeal his burglary conviction.

Mr. King did, however, on September 17, 2012, file an application for post-conviction relief from that 1984 burglary conviction. He claimed he was entitled to post-conviction relief and an appeal out of time because his guilty plea violated double jeopardy guarantees. The exact basis for the double jeopardy claim is unclear, although Mr. King did allege that there was a juvenile court proceeding in which he was "adjudicated a delinquent child." He also filed a petition for a writ of habeas corpus and a motion to withdraw his guilty plea in September of 2012.

On September 28, 2012, Mr. King's post-conviction application, his petition for a writ of habeas corpus, and his motion to withdraw his guilty plea (all relating to his 1984 burglary conviction) were denied by the state district court. The court found that the two-year sentence had expired and that Mr. King's issues could have been raised in a direct appeal, but he had not applied to withdraw his guilty plea, nor had he appealed his conviction or sought post-conviction relief, and that he was therefore not entitled to relief after some

twenty-eight years. The Oklahoma Court of Criminal Appeals ("OCCA")

affirmed the state district court's decision, opining:

> On June 8, 1984, Petitioner, represented by counsel, pled guilty to one count of Burglary II and was sentenced to two years imprisonment. Petitioner did not attempt to timely withdraw his plea or otherwise appeal his conviction. Petitioner has been discharged from custody, but now seeks an appeal out of time of his conviction because "of delay caused by a juvenile court's failure to cause service of notice upon a juvenile, and a state statute interpretation that a court order is required to view juvenile records."

Order Affirming Denial of Application for Post-Conviction Relief at 1; R. Vol. 1

at 18. That Order further stated that Mr. King had not shown sufficient reason for

his failure to timely appeal his conviction, and it found that the doctrine of laches

was applicable and Mr. King had "forfeited consideration of these issues through

his own inaction." Id. at 2.

Meanwhile, in April 2010, Mr. King filed an application for post-

conviction relief from the second degree murder conviction for which he is

serving his current 400-year sentence. In that application, Mr. King claimed that

three prior convictions were utilized to enhance his sentence, including his 1984

burglary conviction. He claimed that the burglary conviction was "voidable"

because he was seventeen at the time of the alleged offense and no certification

proceeding had been conducted to allow him to be prosecuted as an adult.

On January 9, 2012, the state district court denied that application, stating:

> The Court hereby orders that the Supplemental Application for Post-Conviction relief filed herein on the 8th day of April 2010 be denied

for the following reasons. That each proposition of petitioner's application is an issue that was raised on his direct appeal, and if it was not raised, it could have been. There are no new novel points of law of facts that were not in existence at the time of petitioner's direct appeal.

Order Denying Petitioner's Application for Post-Conviction Relief at 1; R. Vol. 1 at 182. Mr. King did not appeal that decision.[1]

Mr. King then filed the instant petition for habeas relief under § 2254, alleging, again, infirmities with his 1984 burglary conviction, which was used to enhance his murder conviction for which he currently serves a 400-year sentence. He alleges his burglary conviction is invalid because he "was induced to plead guilty to an offense barred by double jeopardy clause by not being notified of prior judgment." Petition at 5; R. Vol. 1 at 8. As his second ground for relief, Mr. King asserts that he was "denied due process by the fact he was charged as an adult without being allowed to appeal the juvenile court's decision." Id. at 7.

The § 2254 petition was referred to a magistrate judge, who recommended dismissal of the petition without prejudice for lack of jurisdiction. The magistrate judge analyzed Mr. King's arguments, concluding as follows:

---

[1]Mr. King did, however, previously seek habeas relief from his second degree murder conviction. He claimed that his double jeopardy rights were violated when he was charged with second degree murder after he was implicitly acquitted of first degree murder when his first degree murder conviction was reversed on appeal by the OCCA. See King v. Scott, 129 F.3d 130 (Table), 1997 WL 706489 (10th Cir. 1997) (unpublished). The district court found no double jeopardy violation and our court affirmed, finding that double jeopardy did not prohibit his retrial for second degree murder after his conviction was reversed on appeal. Id.

-4-

Petitioner's state conviction in Case No. CRF-83-181 [the burglary conviction] is no longer open to direct or collateral attack in its own right because he failed to pursue state judicial remedies while they were available, and he has not demonstrated that "no channel of review is available through no fault of the petitioner." Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005). Consequently, Petitioner cannot challenge his enhanced sentence in Case No. CRF-89-164 through a petition under § 2254 on the ground that his prior conviction was unconstitutionally obtained. Because the Court lacks jurisdiction to consider the merits of his claims, the Petition should be dismissed on this basis.

Supplemental Report & Recommendation at 8; R. Vol. 2 at 14.

In so concluding, the magistrate judge relied upon the Supreme Court's decision in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), in which the Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403. "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-04. And the magistrate judge noted that none of the limited exceptions to that Lackawanna rule had any applicability to Mr. King's situation.

Mr. King filed objections to the magistrate judge's report and recommendation. The district court reviewed the matter de novo, adopted the magistrate judge's report and recommendation, and dismissed Mr. King's petition

-5-

without prejudice for lack of jurisdiction. The district court did not address whether a COA should issue, so Mr. King has requested issuance of a COA from this court. That request is our threshold issue.

To obtain a COA, Mr. King must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). There can be no doubt that the district court correctly determined that Mr. King's claim must be dismissed for lack of jurisdiction. Accordingly, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge