FILED
United States Court of Appeals
Tenth Circuit

August 28, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ALFRED ANAYA,

     Defendant - Appellant.

No. 18-3075
(D.C. No. 09-CR-20119-10-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MCHUGH**, and **CARSON**, Circuit Judges.[**]
_____

In 2011, a jury convicted Defendant Alfred Anaya of one count of conspiracy to

distribute and possess with intent to distribute cocaine and methamphetamine as well as

two counts of intimidation of federal witnesses. The district court sentenced Defendant

to 292 months on the conspiracy charge and 240 months on the intimidation charges, the

two sentences to run concurrently. We affirmed Defendant's convictions on direct

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the appellant's brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

appeal.  See United States v. Anaya, 727 F.3d 1043 (10th Cir. 2013).  On February 6, 2015, the district court reduced Defendant's sentence on the conspiracy charge to 235 months based on a guideline sentencing range the United States Sentencing Commission retroactively lowered in accordance with 28 U.S.C. § 994(u).

On March 5, 2018, Defendant filed a "Motion Pursuant to Rule 52(b) Plain Error," asserting that the district court erred by sentencing him contrary to the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), United States v. Booker, 543 U.S. 220 (2005), and Alleyne v. United States, 570 U.S. 99 (2013).  The district court denied Defendant's motion.  The district court reasoned that Defendant's motion attempted to collaterally attack the validity of his sentence but that Federal Rule of Criminal Procedure ("Rule") 52(b) does not apply to collateral proceedings.  Because Rule 52(b) provides no independent legal basis to collaterally attack a final judgment, the district court concluded it lacked jurisdiction to rule on the motion.

Defendant, a federal prisoner appearing *pro se*,[1] now appeals the district court's denial of his Rule 52(b) motion.  In his Notice of Appeal, titled "Motion to File 28 U.S.C. § 2255 Motion to Correct Sentence Pursuant to Rule 52(b) Plain Error Order," Defendant asks this Court to rule on the merits of his Rule 52(b) motion or, in the alternative, authorize him to file a habeas petition pursuant to 28 U.S.C. § 2255.  Defendant also seeks a certificate of appealability to file a habeas petition.

---

[1] Because Defendant is proceeding *pro se*, we review his pleadings and filings liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

2

The district court correctly concluded that Defendant seeks to collaterally attack his sentence. Rule 52(b), however, "was intended for use on direct appeal . . . [and] is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review." United States v. Frady, 456 U.S. 152, 164 (1982). Contrary to Defendant's position, the rule does not provide an independent legal basis for a collateral attack on a final judgment. Id. Instead, a § 2255 motion provides the proper vehicle for this review.

Defendant did not seek relief pursuant to 28 U.S.C. § 2255 before the district court. While there is a long-standing practice under which federal courts may recharacterize *pro se* claims as seeking habeas relief where a prisoner labels the petition differently, doing so in this case could result in "potential consequences with respect to any [§ 2255] claims Defendant may file in the future." Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005). Accordingly, the Court will not, for the first time on appeal, recharacterize Defendant's motion as one filed under § 2255.[2]

Defendant may choose to collaterally attack his sentence by filing a petition under §2255 with the district court. Until such a motion is filed and passed upon by the district court, the issues presented therein cannot properly be considered by this Court.

---

[2] Indeed, the Supreme Court has cautioned courts to "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Castro v. United States, 540 U.S. 375, 383 (2003).

Accordingly, we will not prematurely grant a certificate of appealability before the district court first rules on any petition Defendant may file.

Accordingly, we AFFIRM. Defendant's appeal is DISMISSED.

Entered for the Court


Joel M. Carson III
Circuit Judge