**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LARRY DEAN SHELMAN,

    Petitioner - Appellant,

v.

RICK WHITTEN, Warden,

    Respondent - Appellee.

No. 19-7002
(D.C. No. 6:18-CV-00172-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Larry Dean Shelman, a state prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2241

petition as untimely. Because Mr. Shelman failed to invoke federal jurisdiction or failed

to state a valid claim, we deny a COA and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Shelman proceeds pro se, we construe his filings liberally but do not serve as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## I. BACKGROUND

In December 1991, Mr. Shelman pled no contest to first degree murder and kidnapping. He received consecutive sentences of life and 10 years in prison, respectively.

Mr. Shelman applied for state post-conviction relief. In 1995, the state district court denied his application, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. In 2016, he applied again for post-conviction relief in the state district court, including a request for a sentence reduction under the Oklahoma Truth in Sentencing Act. The court held a hearing on March 8, 2017 and denied relief. The OCCA affirmed on May 21, 2018.

On June 6, 2018, Mr. Shelman filed a § 2254 application in the United States District Court for the Eastern District of Oklahoma, arguing that the state court's denial of sentencing relief under the Oklahoma Truth in Sentencing Act violated his right to due process. The state moved to dismiss the application as time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). In response, Mr. Shelman argued that his March 8, 2017 state court hearing produced new evidence of his rehabilitation which, "had it been introduced at trial, . . . would have resulted in a portion of [his] sentence being suspended." ROA at 68.[2] He thus argued his one-year AEDPA limitation period

---

[2] Mr. Shelman alleged that the state court said he was making progress with rehabilitation, ROA at 10, 13, but he provided no documentary support for this allegation.

began on March 8, 2017 and should have been equitably tolled—or paused—until May 21, 2018, when the OCCA affirmed denial of his post-conviction relief.

The district court determined that Mr. Shelman was challenging the execution of his sentence rather than its validity and construed his application as a 28 U.S.C. § 2241 petition. It dismissed the petition as time-barred and denied a COA. Mr. Shelman filed a notice of appeal.

## II. **DISCUSSION**

Mr. Shelman seeks a COA to challenge the district court's dismissal of his § 2241 petition as untimely. We deny a COA for lack of jurisdiction or because Mr. Shelman failed to allege a claim on which relief may be granted. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (courts of appeal may deny a COA on any ground supported by the record even if not relied on by the district court).

Under 28 U.S.C. § 2253(c)(1)(A), a state prisoner bringing a § 2241 claim must first obtain a COA. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding that "a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241"). When, as here, the district court denied a habeas application on procedural grounds, a COA may issue only if the applicant demonstrates (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3

Federal habeas relief is available to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Eizember v. Trammell*, 803 F.3d 1129, 1145 (10th Cir. 2015) ("[T]his court's role on collateral review isn't to second-guess state courts about the application of their own laws but to vindicate federal rights.").

Mr. Shelman urged in his federal petition that the state court's refusal to modify his sentence under the Oklahoma Truth in Sentencing Act "violate[d] due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution." ROA at 10. But he provided no support for this assertion. "[A] habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017). The petitioner must "draw[] enough of a connection between the right to due process and the sentencing court's alleged errors to render his claim cognizable on habeas review." *Id.* (quotations omitted).

Mr. Shelman has not done this. Notwithstanding his conclusory reference to the Fifth and Fourteenth Amendments, his claim is predicated on an alleged error in the application of state law—the Oklahoma Truth in Sentencing Act—and not a constitutional violation. Because federal courts may not provide habeas relief to petitioners who raise claims grounded in state law, this claim fails for either lack of

4

federal jurisdiction or for failure to state a valid claim. Accordingly, Mr. Shelman is not entitled to a COA.

## III. **CONCLUSION**

Despite his "due process label," *Leatherwood*, 861 F.3d at 1043, Mr. Shelman has raised a state claim. We thus deny a COA and dismiss.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

5