**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNNY A. MONTANA,

        Petitioner-Appellant,

v.

SCOTT ABBOTT, Warden, Wyoming
State Penitentiary Department of
Corrections; and THE ATTORNEY
GENERAL OF THE STATE OF
WYOMING,

        Respondents-Appellees.

No. 06-8017

(D.C. No. 05-CV-312-CAB)

(D. Wyoming)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

    Johnny Montana, a Wyoming prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 habeas petition and moves for leave to proceed in forma pauperis on appeal.

Because jurists of reason would not find it debatable whether the district court was correct

in its procedural ruling, we deny his request and dismiss the matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

I.

On April 8, 1992, Montana pled guilty to aggravated assault and battery in Wyoming state court and was given a suspended sentence with five years' probation. Pet. for Writ of Habeas Corpus at 2. After Montana failed to pay his fine, a bench warrant was issued for his arrest in late 1995. Id. at 5. He was not arrested at that time and he served a sentence in Arizona from 1998 until 2001. Id. at 5-6. After finishing his sentence in Arizona, he was arrested and extradited to Wyoming. Id. at 7. Upon his return to Wyoming, his probation was revoked and he was resentenced to a term of imprisonment. Id. at 8.

In 2004, Montana filed his first petition for a writ of habeas corpus in the United States District Court for the District of Wyoming ("2004 action") and submitted a motion for leave to proceed in forma pauperis. The district court denied Montana's motion for leave to proceed in forma pauperis because he made $40.00 per month from his employment at the Wyoming Honor Conservation Camp. Order Den. Mot. to Proceed In Forma Pauperis at 1. Subsequently, the district court dismissed Montana's action without prejudice for failure to pay the filing fee. Montana did not appeal that dismissal.

In 2005, Montana filed a new petition for a writ of habeas corpus in the District of Wyoming ("2005 action"). Again, the district court dismissed the case without prejudice for failing to pay the filing fee. The district court noted that Montana had not moved to proceed in forma pauperis in the 2005 action. Order Dismissing Pet. for Writ of Habeas Corpus at 1. The district court later denied Montana's request for a COA because he

"cannot make a substantial showing of the denial of a constitutional right." Order Den.

Pet'r Req. for Certificate of Appealability at 3.

II.

When a federal district court denies a state prisoner's § 2254 habeas petition, the

prisoner must obtain a COA to appeal the denial. Davis v. Roberts, 425 F.3d 830, 833

(10th Cir. 2005). In this case, the district court did not reach the merits of Montana's

underlying constitutional claims, denying Montana's § 2254 habeas petition instead on

the procedural ground of failing to pay the filing fee. The Supreme Court of the United

States has advised appellate courts to apply the following standard when district courts

deny a § 2254 habeas petition on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Montana's appeal fails the second part of the Slack test: whether jurists of reason

would find it debatable whether the district court was correct in its procedural ruling.

Montana does not dispute that the $5.00 filing fee was valid and applied to his case.

Further, Montana does not argue that failure to pay the fee should not lead to dismissal of

-3-

his case. Montana's only argument on appeal is that he paid the filing fee on August 3, 2005 – more than four months before he filed the 2005 action. Pet'r Br. at 16-19.

To prove this assertion, Montana points to a receipt that allegedly records this transaction. See Attach. to Mot. for Recons. at 1. The receipt indicates, however, that the payment was for the 2004 action, not the 2005 action, because the receipt states that the money is "FOR CASE # 2:04-CV-00241 WFD," which is the case number of the 2004 action. See id. If Montana is correct that he intended to make an advance payment on a case to be filed more than four months in the future, he has not explained any efforts that he made to correct the district court's misunderstanding or provided any evidence of those efforts. Nor does Montana explain the large time lag between the payment and the filing of the 2005 action. With no evidence that Montana paid the filing fee in this case, it is not debatable that the district court correctly denied his petition on that procedural ground. Because Montana's appeal fails the second part of the Slack test, we DENY his request for a COA and dismiss this matter. We also DENY Montana's motion to proceed in forma pauperis.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-