FILED
United States Court of Appeals
Tenth Circuit

**March 26, 2008**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DARRELL ELLIS,

      Petitioner - Appellant,

v.

GREG PROVINCE, Warden,

      Respondent - Appellee.

No. 07-7092

(E.D. Oklahoma)

(D.C. No. 6:04-CV-00369-RAW-KEW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Darrell Ellis, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) so that he may appeal the denial by the United States District Court for the Eastern District of Oklahoma of his application for relief under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA for state prisoner to appeal); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) (state prisoner must obtain COA to appeal denial of application filed under § 2241). We deny his request for a COA and dismiss his appeal because he fails to allege a violation of federal law.

**BACKGROUND**

Mr. Ellis was convicted of first-degree murder in Oklahoma state court and sentenced to life imprisonment in 1980. On August 23, 2004, he filed his application under § 2241. The district court denied it on the merits, and also denied his request for a COA. On appeal he argues the following: (1) that he is entitled to immediate release under the Eighth and Fourteenth Amendments because, as he interprets Oklahoma law, he has discharged his sentence; (2) that a 1988 revision of Okla. Stat. tit. 57, § 138, which changed the manner in which prisoners earn good-time credits, cannot be applied to him without violating the Constitution's Ex Post Facto Clause; and (3) that Oklahoma administrative policy violates the Ex Post Facto Clause because it establishes more limited "incremental benefits" for prisoners than those to which he was entitled under the prior policy.

**DISCUSSION**

To obtain a COA, Mr. Ellis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing is made if a prisoner can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Ellis's first claim is that he has a "vested liberty interest in the Legislature's unambiguous definition of a life sentence," and that under Oklahoma law he is unlawfully imprisoned because he has already finished

-2-

serving his sentence.  Aplt. Br. 8 (emphasis omitted).  We do not disagree with the claim that his constitutional rights would be violated by keeping him incarcerated after he had served his term.  But the length of that term is a matter of Oklahoma, not federal, law.  And Oklahoma's highest court on such matters has rejected his interpretation.  *See Ellis v. Beck*, No. HC-2004-732, slip op. at 2 (Okla. Crim. App. July 30, 2004).  This court must defer to the interpretation of state law by a state's highest court.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law" (internal quotation marks omitted)).  Accordingly, Mr. Ellis has alleged no error that we could cure.

Mr. Ellis's next two claims invoke the Ex Post Facto Clause of the Constitution.  "To show a violation of the Ex Post Facto Clause, a prisoner must demonstrate that he has been subjected to a penal or criminal law that is retrospective, and disadvantageous to the offender because it imposes greater punishment."  *Reed v. McKune*, 298 F.3d 946, 954 (10th Cir. 2002) (brackets and internal quotation marks omitted).  A law does not violate the Clause unless it either "alter[s] the definition of criminal conduct or increase[s] the punishment for the crime."  *Id.* (internal quotation marks omitted and brackets revised).

Regarding his second claim, Mr. Ellis argues that under the 1988 revision of Okla. Stat. tit. 57, § 138, inmates classified at level 1 or level 2 receive fewer good-time credits than they would have under the 1980 version of the statute,

which apparently was in effect at the time of his offense.  But the state district court found that he is receiving credits under the law in effect in 1980.  Because Mr. Ellis has failed to provide clear and convincing evidence that this finding was erroneous, *see* 28 U.S.C. § 2254(e)(1), we must accept that finding, which establishes that his claim lacks merit.

Turning to Mr. Ellis's third claim, he asserts that he has been denied "incidental benefits."  But his brief provides no description of what those "benefits" are.  We therefore cannot evaluate whether the alleged denial of benefits implicates the Ex Post Facto Clause.  Accordingly, we must hold that this claim, too, is devoid of merit.

**CONCLUSION**

We DENY Mr. Ellis's request for a COA and AFFIRM the district court's dismissal of his application for habeas corpus.  We deny the Request for Judicial Notice as unnecessary.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-