FILED
United States Court of Appeals
Tenth Circuit

June 24, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED ANAYA,

Defendant - Appellant.

No. 18-3260
(D.C. No. 2:09-CR-20119-JWL-JPO-10)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **MATHESON**, and **MORITZ**, Circuit Judges.[**]

A Kansas jury convicted Alfred Anaya on two counts of witness intimidation and one count of conspiracy to distribute cocaine, methamphetamine, and marijuana. The court sentenced Anaya to 240 months for witness intimidation and 292 months for conspiracy to distribute drugs, the sentences to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

run concurrently. Three years later the district court reduced the drug conspiracy sentence to 235 months, pursuant to 28 U.S.C. § 3582(c)(2).

Another three years went by before Anaya filed this current action—styled as a Motion Pursuant to Rule 52(b) Plain Error. In that motion Anaya sought to overturn his conviction, contending that (1) the federal district court lacked jurisdiction to convict him, (2) the government failed to present sufficient evidence of mens rea, and (3) he received ineffective assistance of counsel at sentencing.

The district court dismissed the case for lack of jurisdiction on grounds that the motion was a collateral attack on the validity of Anaya's sentence, which must be brought under 28 U.S.C. § 2255. The court also declined to recharacterize Anaya's motion as one filed under § 2255 "in light of the potential consequences of that recharacterization." R., Vol. VI at 34.

We affirm. We have no jurisdiction to consider a collateral attack on a sentence not brought under § 2255, and the district court did not abuse its discretion in declining to recharacterize Anaya's motion.

Section 2255 provides the only post-direct-appeal avenue for testing whether a "sentence was imposed in violation of the Constitution or laws of the United States" or whether "the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255; *see also Bradshaw v. Story*, 86 F.3 164, 166 (10th

Cir. 1996). These are precisely the arguments Anaya made in his motion. The district court therefore did not err in concluding it lacked jurisdiction to reach the merits of Anaya's claims.

The district court also did not abuse its discretion in declining to recharacterize Anaya's motion as one pursuant to § 2255. As the court alluded, the Antiterrorism and Effective Death Penalty Act "places strict limitations on second or successive claims," so recharacterizing Anaya's motion would severely curtail any subsequent claim he wished to bring. *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005); *Castro v. United States*, 540 U.S. 375, 377 (2003).

Consequently, a district court rarely abuses its discretion when it declines to recharacterize a procedurally improper motion—recognizing that a "risk of harming the litigant always exists when the court recharacterizes into a first § 2255 motion a claim that is procedurally or substantively deficient." *Castro*, 540 U.S. at 387 (Scalia, J., concurring). The risk is that recharacterizing "essentially substitutes the litigant's ability to bring his merits claim now, for the litigant's *later* ability to bring the same claim (or any other claim), perhaps with stronger evidence." *Id.* And the risk of harm is more likely with pro se litigants, for "even fully informed district courts that try their best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot

predict and protect against every possible adverse effect that may flow from recharacterization." *Id.*

We therefore AFFIRM the district court's dismissal of Anaya's motion. The district court correctly concluded that without recharacterizing Anaya's motion it lacked jurisdiction to consider the merits of the claims. And the court did not abuse its discretion in declining to recharacterize the procedurally improper motion as Anaya's first § 2255 petition.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge