**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS SANCHEZ,

    Defendant - Appellant.

No. 19-3203
(D.C. Nos. 6:19-CV-01087-JTM &
6:12-CR-10089-JTM-12)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Jesus Sanchez seeks a certificate of appealability (COA) to appeal the district

court's denial of his motion under 28 U.S.C. § 2255. We deny a COA and dismiss the

matter.

Sanchez pleaded guilty in 2014 to one count of conspiracy to commit racketeering

activities, in violation of 18 U.S.C. § 1962(d), and waived his right to appeal. He filed a

pro se § 2255 motion in 2019. The motion does not challenge his conviction or his

sentence on the racketeering charge. Rather, citing *Sessions v. Dimaya*, 138 S. Ct. 1204

(2018), Sanchez argues that his conviction under § 1962(d) does not qualify as a "crime

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of violence" under 18 U.S.C. § 16, and it therefore cannot be treated as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F) in deportation proceedings. The district court dismissed Sanchez's § 2255 motion as untimely and denied a COA.

Sanchez must obtain a COA to pursue an appeal. *See United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017); 28 U.S.C. § 2253(c)(1)(B). Because the district court dismissed his § 2255 motion on a procedural ground, without reaching the merits of his claim, Sanchez must show that jurists of reason would find it debatable whether (1) the district court's procedural ruling was correct, and (2) his motion stated a valid claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We liberally construe his pro se opening brief and application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

We deny a COA because the district court's procedural ruling—its dismissal of Sanchez's § 2255 motion—is not debatable. But we reach this conclusion on a different ground than the district court's holding that the motion was untimely. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (denying a COA on an alternative ground not relied on by the district court).

Reasonable jurists would not debate that Sanchez's motion was properly dismissed. Relief can be granted under § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). But Sanchez's motion does not seek "to vacate, set aside or correct," *id.*, his

2

conviction under § 1962(d) or his sentence. What he seeks is to prevent the use of his racketeering conviction as a basis for his removal as an aggravated felon. He claims that he is "entitled to have any deportation proceeding dismissed with prejudice." R., Vol. I at 363. Such relief is not cognizable under a § 2255 motion in his criminal case.

Accordingly, the dismissal of Sanchez's § 2255 motion was undoubtedly correct, so we deny a COA. *See Davis*, 425 F.3d at 835-36 (denying a COA where the claim was not cognizable under 28 U.S.C. § 2254). We grant Sanchez's motion to proceed on appeal without prepayment of fees and costs.

Entered for the Court


Harris L Hartz
Circuit Judge