**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WILLIAM DONNELL, III,

    Petitioner - Appellant,

v.

EDDIE CALEY, Warden, CTCF; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 22-1093
(D.C. No. 1:21-CV-01372-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Petitioner-Appellant William Donnell, III, a state inmate appearing pro se, seeks a

Certificate of Appealability (COA) to appeal from the district court's dismissal of his 28

U.S.C. § 2254 petition. See Donnell v. Caley, No. 21-cv-01372, 2022 WL 622001 (D.

Colo. Mar. 3, 2022). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we

deny a COA and dismiss the appeal.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

In November 2015, Mr. Donnell was convicted of first-degree murder after a jury trial in Colorado state court.  He was sentenced to life imprisonment.  The Colorado Court of Appeals affirmed his conviction.  See People v. Donnell, No. 16CA0425, 2019 WL 6359267 (Colo. App. Dec. 26, 2019).  The Colorado Supreme Court denied his petition for a writ of certiorari.  Donnell v. People, No. 20SC60, 2020 WL 3420899 (Colo. June 22, 2020).

In June 2021, Mr. Donnell filed an amended § 2254 petition raising four claims. Based on the Sixth and Fourteenth Amendments, he challenged the trial court's refusal to allow (1) extrinsic evidence to impeach a witness and (2) impeachment of a witness with a dismissed drug charge.  Based on the Fifth and Fourteenth Amendments, he challenged (3) the trial court's failure to explain its reasoning for rejecting the parties' plea agreement, and he claimed (4) that his due process rights were violated under the cumulative error doctrine.

The district court denied Mr. Donnell's § 2254 petition.  As to claims one and two, the district court found that the state appellate court's decision was not contrary to clearly established federal law and was not based on an unreasonable determination of the facts. Donnell, 2022 WL 622001, at *7–11.  The district court found that the third claim was procedurally barred, and alternatively, that it failed on the merits.  Id. at *11–14.  Finally, the district court found that the state appellate court's denial of relief under the cumulative error doctrine was not unreasonable.  Id. at *14.  Mr. Donnell pursues the same claims on appeal.

**Discussion**

Mr. Donnell must obtain a COA to appeal his § 2254 petition. See 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Mr. Donnell must make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Where a claim has been denied on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a claim has been dismissed on procedural grounds, the movant must also demonstrate that the district court's procedural ruling was debatable. Id. State court decisions are reviewed under the highly deferential standards of 28 U.S.C. § 2254(d).

With respect to the first and second claims, the district court's assessment of Mr. Donnell's constitutional right to confrontation is not reasonably debatable. The Confrontation Clause is violated where a "reasonable jury might have received a significantly different impression of [a witness's] credibility had [defense] counsel been permitted to pursue his proposed line of cross-examination." Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986). Trial judges have broad discretion to limit the scope of cross-examination based on concerns about jury confusion and relevance. Id. at 679.

Mr. Donnell's first claim challenges the trial court's refusal to allow extrinsic evidence to show that a police officer witness made false statements in a prior investigation. Donnell, 2022 WL 622001, at *6. Although the trial court prohibited the use of extrinsic evidence, in part because it risked confusion of the jury, it allowed defense counsel to question the witness about the accusation. Id. Mr. Donnell's second

3

claim challenges the trial court's refusal to allow defense counsel to question a witness about a criminal charge that was dismissed before trial to show that she was biased in favor of the prosecution. Id. at *7–8. Regardless, defense counsel cross-examined the witness about another prior conviction and other inconsistencies in her testimony. Id. at *9. In these two instances, the trial court exercised its broad discretion to impose reasonable limits on cross-examination while providing the opportunity for effective impeachment. See Van Arsdall, 475 U.S. at 679. The district court's conclusion that the jury would not have received a "significantly different impression" of these witnesses if defense counsel could have introduced the proposed evidence is not reasonably debatable.[1] See id. at 680; Donnell, 2022 WL 622001, at *7–8.

As to the third claim, the district court's conclusion that Mr. Donnell waived this claim is not reasonably debatable.[2] A § 2254 petition may not be granted unless all state remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A). Where a state appellate court determines that a claim is waived, this constitutes a procedural bar to federal habeas review. See Carbajal v. Williams, 844 F. App'x 68, 74 (10th Cir. 2021) (unpublished).[3] At a pre-trial hearing, the trial court rejected the parties' plea agreement and invited the

---

[1] As to claim two, the district court's alternative conclusion that the state appellate court reasonably applied constitutional harmless error analysis is not reasonably debatable. See Donnell, 2022 WL 622001, at *10.

[2] We need not address the district court's alternative conclusion on the merits because the procedural bar is not reasonably debatable. See Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005). Mr. Donnell does not challenge the district court's decision to allow the state's waiver defense despite failing to raise it in its pre-answer response. See Donnell, 2022 WL 622001, at *12.

[3] We cite this and other unpublished dispositions only for their persuasive value. 10th Cir. R. 32.1.

parties to address its decision.  <u>Donnell</u>, 2022 WL 622001, at *11.  Defense counsel responded: "I'm not going to address the Court's position as to the proposed plea bargain. The Court simply is not apparently willing to accept it now."  <u>Id.</u>  The state appellate court concluded that defense counsel "effectively communicat[ed] that defendant did not need or want more explanation from the court," and deemed the claim waived.  <u>Id.</u>  Based on this record, it is not reasonably debatable that defense counsel waived any opportunity to challenge the trial court's lack of explanation for rejecting the plea agreement, and no showing has been made of cause and prejudice or a fundamental miscarriage of justice. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

Finally, the district court's assessment of Mr. Donnell's fourth claim regarding the cumulative error doctrine is not reasonably debatable.  "The cumulative-error analysis applies where there are two or more actual errors."  <u>Cuesta-Rodriguez v. Carpenter</u>, 916 F.3d 885, 915 (10th Cir. 2019) (quoting <u>Smith v. Duckworth</u>, 824 F.3d 1233, 1255 (10th Cir. 2016)).  Finding no accumulation of errors to analyze, the cumulative error doctrine does not apply.

We GRANT the motion to proceed IFP, but DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

5