**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SAMUEL MAX POWELL,

 Petitioner - Appellant,

v.

JIM FARRIS, Warden,

 Respondent - Appellee.

No. 22-6067
(D.C. No. 5:18-CV-01149-G)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Samuel Max Powell seeks review of the district court's judgment denying his

application for federal habeas relief under 28 U.S.C. § 2254. To appeal from the district

court's order, he requires a certificate of appealability (COA). We deny a COA and

dismiss this matter.

A COA is a jurisdictional prerequisite to our review. *Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003). A COA may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

satisfy this standard, the applicant "must demonstrate that reasonable jurists would find

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We may deny a COA if the record plainly reveals an adequate ground for denying relief, even if the district court did not rely on it. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

Mr. Powell seeks a COA on six claims:

I. The evidence was insufficient to convict him of first-degree murder.

II. The trial court's failure to instruct the jury on the offense of accessory after the fact deprived him of his right to present a defense.

III. The admission of irrelevant and unfairly prejudicial evidence deprived him of his right to due process.

IV. Prosecutorial misconduct deprived him of his right to due process.

V. He received ineffective assistance of counsel.

VI. The cumulative effect of the errors deprived him of a fundamentally fair trial.

## BACKGROUND

A jury convicted Mr. Powell of first-degree murder and aggravated attempt to elude an officer, after former conviction of two or more felonies. He was sentenced to life imprisonment for the murder and three years' imprisonment for the eluding charge.[1] His convictions arose out of a "road rage" incident that resulted in a fatal shooting. The district court thoroughly summarized the trial testimony concerning that incident and the

---

[1] Mr. Powell pled guilty to an additional count, possession of a firearm after former conviction of two or more felonies, and received a sentence of life imprisonment with the possibility of parole on that count.

subsequent investigation. Aplt. App., Vol. I at 125-40.[2] We have carefully reviewed both this summary and the entire trial transcript. Given the parties' familiarity with the facts we need not repeat them in detail.

Essentially, the evidence showed that on January 8, 2015, a silver Mitsubishi Eclipse driven by Mr. Powell was observed tailgating a red vehicle on an Oklahoma City street. When the two vehicles pulled up to a stoplight, Mr. Powell and a passenger in the Eclipse yelled racial slurs and abusive language at the driver of the red vehicle, a young Hispanic male.[3] After the light turned green, the Eclipse pulled out of the left-turn lane, cut across traffic, and pulled up next to the red vehicle. The Eclipse braked, and two shots were fired from a shotgun in the Eclipse. One of the two shots killed the driver of the red vehicle.

The Eclipse sped away from the scene of the crime. Mr. Powell was apprehended later that evening after a chase through a residential neighborhood. At trial, his defense was that his passenger, Mr. Allen, had fired the shots from the back seat of the Eclipse. Mr. Powell contended he had no idea Mr. Allen was going to shoot at the red vehicle. He testified he left the scene after the shooting because he was a convicted felon with no driver's license who had been drinking in a car containing firearms.

---

[2] The factual summary was contained in the magistrate judge's report and recommendation (R&R). In its order adopting the R&R, the district court noted Mr. Powell's lack of objection to the magistrate judge's recitation of the background facts. *See* Aplt. App., Vol. I at 197.

[3] Mr. Powell contended he was on his cell phone at the time and any abusive language he used was likely directed at the person on the phone, not the victim.

The Oklahoma Court of Criminal Appeals (OCCA) affirmed Mr. Powell's conviction in a summary opinion. He then sought habeas review from the district court, which denied his habeas application and denied a COA.

## DISCUSSION

Federal habeas review of Mr. Powell's claims is delimited by the deferential standards contained in § 2254. To the extent his claims were presented to and adjudicated on the merits by the Oklahoma state courts, we may grant relief only if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**1. Reasonable Jurists Would Not Debate that the Evidence was Sufficient to Convict Mr. Powell of First-Degree Murder.**

To resolve Mr. Powell's sufficiency-of-the-evidence challenge, the OCCA had to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under § 2254(d), a federal court may only grant habeas relief if "the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard." *Hooks v. Workman*, 689 F.3d 1148, 1165-66 (10th Cir. 2012) (internal quotation marks omitted).

4

The OCCA cited the appropriate standard and concluded without further analysis that the evidence was "more than sufficient." Aplt. App., Vol. I at 118. We must accord deference to that summary decision, unless or until it is shown to be unreasonable. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden [under § 2254(d)] still must be met by showing there was no reasonable basis for the state court to deny relief [on the merits].").

In Oklahoma the elements of first-degree murder are: (1) the death of a human; (2) the death was unlawful; (3) the death was caused by the accused; and (4) the death was caused with malice aforethought. *See* Okla. Stat. tit. 21, § 701.7(A). Mr. Powell challenges only the third element. He contends the evidence was insufficient to show he was the shooter.

Mr. Powell reasons it was impossible for him to have simultaneously driven the car; talked on the phone; and pumped, aimed, and fired the shotgun. But as the district court explained, the trial testimony permitted the jury to draw a reasonable inference that Mr. Powell had the time and ability to fire the shots, even though he was driving and had been talking on the phone. *See* Aplt. App., Vol. I at 147-48 (discussing testimony on this point—including time the call ended; Mr. Powell's braking when the shots were fired; the time that lapsed between the shots; and the trajectory of the shots, which suggested the lack of precise aiming).[4] To the extent Mr. Powell points to conflicting testimony on this

---

[4] In addition to the testimony the district court cited, another witness testified that Mr. Powell's car was *stopped* behind a truck when the shots were fired, giving

5

point, we must presume the jury "resolved any such conflicts in favor of the prosecution." *Matthews v. Workman*, 577 F.3d 1175, 1184 (10th Cir. 2009) (internal quotation marks omitted).

Mr. Powell also argues about the validity or persuasive value of certain items of evidence presented at trial, such as gunshot residue evidence, the significance of shotgun shells found under the passenger seat, and Mr. Allen's ability to fire accurately from the back seat of the vehicle. As the district court discussed, there was conflicting evidence on most of these points, or conflicting inferences could be drawn from them. *See* Aplt. App., Vol. I at 147-48. And "[a]s an appellate court on collateral review, we are not allowed to weigh conflicting evidence or consider the credibility of witnesses." *Matthews*, 577 F.3d at 1184 (internal quotation marks omitted). Given the evidence that implicated Mr. Powell as the shooter, he fails to demonstrate a debatable issue concerning whether the OCCA unreasonably applied the *Jackson* standard.[5]

**2. Reasonable Jurists Would Not Debate Whether Mr. Powell was Entitled to an Accessory-After-the-Fact Instruction.**

Mr. Powell next argues the trial court's refusal to instruct the jury on the offense of accessory after the fact deprived him of his right to present a defense. The OCCA

---

Mr. Powell an opportunity to fire the shots from a stationary vehicle. *See* Aplt. App., Vol. III at 50-52; *see also id.* at 35 (testimony that Mr. Powell "*stopped when* he . . . shot the gun" (emphasis added)).

[5] Mr. Powell also argues the evidence was insufficient to prove the state's alternative theory: that even if he was not the shooter, he was guilty of first-degree murder as an aider and abettor. Because a reasonable jury could have determined that Mr. Powell shot and killed the victim, we need not resolve that issue.

denied this claim, holding the trial court properly refused the instructions because there was insufficient evidence to support them. Mr. Powell argues we must consider his constitutional claim de novo because the OCCA failed to resolve it on the merits. But as the district court explained, *see* Aplt. App., Vol. I at 200-01, the OCCA sufficiently recognized and rejected Mr. Powell's due process argument. Its merits decision is therefore entitled to deference. *See generally, e.g.*, *Gilson v. Sirmons*, 520 F.3d 1196, 1233-34 (10th Cir. 2008).

The OCCA did not unreasonably apply federal law by concluding that Mr. Powell was not entitled to have the jury instructed on his defense theory. A defendant is entitled to an instruction on his theory of the case if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant. *Mathews v. United States*, 485 U.S. 58, 63 (1988); *cf. Hopper v. Evans*, 456 U.S. 605, 611 (1982) ("[D]ue process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction."); *Murray v. Schriro*, 882 F.3d 778, 811-12 (9th Cir. 2018) (citing Supreme Court precedent, concluding denial of instruction on defense theory that was unsupported by evidence was not contrary to or an unreasonable application of federal law).

Under Oklahoma law, the offense of "accessory after the fact" requires the commission of a felony, and that the person charged "conceal[s] or aid[s] the offender, with knowledge that he or she has committed a felony, and with intent that the person may avoid or escape from arrest, trial, conviction, or punishment." Okla. Stat., tit. 21, § 173. We agree with the district court that the OCCA could reasonably have determined

7

there was insufficient evidence that Mr. Powell concealed or aided Mr. Allen "with intent that [Mr. Allen would] avoid arrest, trial, conviction, or punishment." *Id.*

Mr. Powell originally requested the accessory instructions on the basis that Mr. Allen did the shooting and he aided and abetted Mr. Allen by driving away from the scene of the crime. *See* Aplt. App., Vol. IV at 137. But at trial Mr. Powell testified he fled the scene for his own purposes. *See id.* at 74-75 ("Why did I leave the scene? . . . There was a shooting. I mean, I'm an ex-felon, no license, drinking, there's guns in my car, I mean, I bolt."). The theory he presented to the trial court for giving the instructions therefore lacked factual support.

Mr. Powell later changed his theory to claim he aided and abetted Mr. Allen by remaining silent about Mr. Allen's role as the shooter. *See* COA Appl. at 26-27 (claiming Mr. Powell "helped cover up the crime and tried to protect [Mr.] Allen [the passenger] *by not telling the police about [Mr.] Allen's role in the shooting*" (emphasis added)). But the OCCA could also reasonably have determined that merely keeping silent about Mr. Allen's role as the shooter, or even lying about it, was insufficient to constitute being an accessory after the fact under Oklahoma law. *See McFarland v. Childers*, 212 F.3d 1178, 1186-89 (10th Cir. 2000) (analyzing conflicting Oklahoma law on this issue in the qualified immunity context).[6]

---

[6] In addition, the OCCA could reasonably have determined such an instruction was not required where the evidence indisputably pointed to Mr. Powell's intimate involvement in the circumstances of the crime itself. To be sure, he advanced relatively innocent explanations for his actions (tailgating the victim's vehicle because he was in a hurry, yelling racial slurs over his phone rather than at the victim, pulling up next to the victim's vehicle before the shots were fired because he was trying to pass the victim's

The district court's denial of this claim is not reasonably debatable and does not warrant a COA.

### 3. Reasonable Jurists Would Not Debate Whether the Admission of a Mossberg Shotgun Made Mr. Powell's Trial Fundamentally Unfair.

Mr. Powell argues the trial court violated his constitutional rights by admitting into evidence a Mossberg shotgun found in a barn owned by the stepfather of Mr. Powell's son, Justin Jones, without proof it was the shotgun involved in the shooting. The OCCA concluded the shotgun's admission "was reasonably related to material issues of fact on trial, and no error occurred." Aplt. App., Vol. I at 119.

On habeas review, a federal court can grant relief only if admission of the shotgun made Mr. Powell's trial fundamentally unfair. *Johnson v. Martin*, 3 F.4th 1210, 1231 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 1189 (2022). As the district court explained, taken together (1) the proof of circumstances surrounding the discovery of the shotgun, (2) the State's concession at trial to the jury that there was no direct evidence establishing the Mossberg shotgun as the murder weapon, and (3) the overall strength of the evidence against Mr. Powell, support a conclusion that admission of the shotgun did not make

---

vehicle). But even if the jury believed his explanation, these actions all took place as part of the res gestae of the crime itself, not afterwards. Notably, the commentary to the Oklahoma pattern jury instructions for accessory after the fact states that "[a]n individual becomes an accessory under Oklahoma statutory provisions only when that individual becomes associated with the offender and his fate *subsequent to the commission of the original offense*. One who participates either prior to or during the commission of the offense is liable as a principal." *See* Aplt. App., Vol. I at 94-95 (internal quotation marks omitted) (emphasis added).

Mr. Powell's trial fundamentally unfair. This conclusion is not reasonably debatable and Mr. Powell's challenge to it does not warrant a COA.

### 4. Reasonable Jurists Would Not Debate Whether Prosecutorial Misconduct Deprived Mr. Powell of a Fair Trial.

Mr. Powell argues the prosecutor misstated the burden of proof on the aiding and abetting issue to the jury by erroneously implying that aiding and abetting could be established by "but for" causation alone, without consideration of his intent or knowledge. The OCCA denied relief on this claim, reasoning that because Mr. Powell's trial counsel did not object it would review only for plain error and that Mr. Powell had failed to show a "plain or obvious error that affected the outcome here." Aplt. App., Vol. I at 120. Mr. Powell argues that by resolving the issue based on plain error the OCCA failed to reach the merits of his constitutional claim and we should therefore consider the issue de novo. We disagree. *See Thornburg v. Mullin*, 422 F.3d 1113, 1124-25 (10th Cir. 2005) (applying deference to OCCA's plain-error determination of due process issue, noting that "Oklahoma's plain-error test is rooted in due process"); *cf. Douglas v. Workman*, 560 F.3d 1156, 1178 (10th Cir. 2009) (stating in cases where it is unclear whether state plain-error review resolved the merits of a claim we "assume that the state's review [was] on the merits and thus afford it § 2254(d) deference").

Generally, a prosecutor's improper remarks require reversal of a state conviction only if the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). The district court's decision upholding the OCCA's

10

denial of relief under that test was not reasonably debatable.  The OCCA could reasonably have concluded that taken in context, the prosecutor's challenged statements were not improper.  The prosecutor argued to the jury that they could infer Mr. Powell's intent from his actions; that those actions were acts or events that happened in the commission of a felony, resulting in the victim's death; and that the actions showed that Mr. Powell aided, promoted, or encouraged the commission of the murder.

Nor is it debatable, given all the circumstances, whether the prosecutor's comments made Mr. Powell's trial unfair.  The prosecutor reminded the jury that "[a] principal is someone who *knowingly and with criminal intent* aid[s] and abets in the commission of the offense."  Aplt. App., Vol. V at 56 (emphasis added).  The jury was also instructed that it could consider the external circumstances surrounding the commission of a homicidal act to determine whether Mr. Powell acted with the necessary intent and knowledge, either as the shooter or as an aider and abettor.  *See* Jury Instructions, quoted in State's OCCA brief, Aplt. App., Vol. I at 106-09.

**5.  Reasonable Jurists Would Not Debate Whether Mr. Powell's Counsel was Constitutionally Ineffective.**

Mr. Powell argues his trial counsel provided him with constitutionally ineffective assistance.  To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The OCCA considered the instances of ineffectiveness Mr. Powell alleged under the *Strickland* standard and summarily concluded that he had shown neither deficient performance nor

11

any resulting prejudice. Because reasonable jurists could not debate the district court's conclusion that the OCCA reasonably applied *Strickland*, Mr. Powell is not entitled to a COA concerning this claim.

Mr. Powell first argues that when his trial counsel requested accessory-after-the-fact instructions counsel should have made it clear that the instructions were intended to support his theory of the case. He bases this argument on Oklahoma authority holding that a defendant is entitled to an accessory instruction as his theory of the case when the evidence supports it. *See Glossip v. State*, 29 P.3d 597, 604 (Okla. Crim. App. 2001). But as we have already discussed, the OCCA reasonably concluded the evidence did not support such an instruction. Counsel was therefore not ineffective in failing to make this argument to the trial court.

Mr. Powell next argues that counsel was ineffective in failing to object to the prosecutorial misconduct he describes in his fourth claim. This failure, he asserts, deprived him of all but plain-error review in the OCCA. For reasons we have already stated, however, the statements were not improper and did not deny Mr. Powell a fair trial. The OCCA therefore did not unreasonably apply *Strickland* in rejecting this argument.

Finally, Mr. Powell argues counsel was ineffective in failing to object to a hearsay statement associated with the shotgun entered into evidence at his trial. A detective who sought to retrieve the shotgun testified that Justin Jones said, "I believe I know what shotgun you're talking about." Aplt. App., Vol. III at 127.

The district court concluded this statement was not hearsay because it was not offered to prove the truth of whether the shotgun was the murder weapon. As we understand his argument, Mr. Powell is complaining of two separate uses of this statement. First, the jury heard the detective's testimony about what Mr. Jones told him. We agree with the district court that the OCCA could reasonably have determined that offered in this way, the statement was not hearsay. Instead, taken in context, the statement could be reasonably understood to show how the detective came into possession of the shotgun.

The second, later use of the statement presents a different scenario. Mr. Powell argues that the prosecutor used Mr. Jones's statement to argue successfully for the shotgun's admission into evidence, this time offering the statement for its truth to support a contention that the shotgun may have been the murder weapon. *Id.* at 162 (prosecutor's argument supporting admission of the shotgun that "Justin Jones *immediately knew what gun [the detective] was referring to* and [gave] him information about where to find it" (emphasis added)). But even assuming trial counsel should have objected to this hearsay use of the detective's statement, Mr. Powell has failed to show he was prejudiced by counsel's failure to object. For reasons we have already discussed, reasonable jurists could not debate whether admission of the shotgun made Mr. Powell's trial fundamentally unfair.

13

**6. Reasonable Jurists Would Not Debate Whether the Cumulative Effect of Harmless Errors Entitles Mr. Powell to Habeas Relief.**

To demonstrate entitlement to relief for cumulative error, a petitioner must establish that he was prejudiced by the cumulative effect of two or more errors. *See Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 915 (10th Cir. 2019). For the reasons we have discussed in this order, reasonable jurists could not debate the district court's conclusion that Mr. Powell has not satisfied this standard. He is therefore not entitled to a COA based on cumulative error.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge