**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**November 13, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

NORMAN WILLIAMS,

    Petitioner - Appellant,

v.

ANDRE STANCIL, Executive Director of
the Colorado Department of Corrections,

    Respondent - Appellee.

No. 24-1168
(D.C. No. 1:23-CV-02129-GPG)
(D. Colo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Norman Williams is a prisoner incarcerated at the Colorado State Penitentiary.

Proceeding pro se,[1] he seeks a certificate of appealability (COA) to appeal the district

court's order dismissing his habeas corpus application brought under 28 U.S.C.

§ 2241. But because Mr. Williams has already received the earned time he sought in

his application, we deny his request for a COA and dismiss his appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Williams's pro se filings, "but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.    BACKGROUND

In 2010 Mr. Williams was sentenced in Colorado state court to 48 years in prison for second-degree murder. Previously, he had been convicted of aggravated burglary in Louisiana. The Colorado Department of Corrections considered this prior conviction in assessing his parole eligibility. It initially determined that aggravated burglary "would have been a crime of violence" under Colo. Rev. Stat. § 17-22.5-403(3.5)(a), rendering him ineligible for earned time that could hasten his parole eligibility. Mr. Williams challenged that decision in Colorado state court. While that litigation was pending, however, the Corrections Department changed its mind. It concluded that Mr. Williams *was* eligible for earned time under C.R.S. § 17-22.5-403(2.5)(a), and abandoned its prior contrary position. The Department gave him 1,280 days of earned time—all the time he had earned since his incarceration date—and it has been awarding him earned time ever since.

Consequently, the state district court dismissed Mr. Williams's complaint as moot. Mr. Williams appealed, but the Colorado Court of Appeals affirmed and the Colorado Supreme Court denied review. He then filed his § 2241 application in the United States District Court for the District of Colorado, arguing that the way in which the Department had interpreted Colorado's parole-eligibility statute violated his Fourteenth Amendment rights. The district court denied the application, concluding that "Mr. Williams lacks standing to challenge provisions of the statute that are not being applied to him, and he has not shown that the calculation of his

sentence violates the Constitution or laws or treaties of the United States." *Williams v. Stancil*, No. 23-cv-02129-GPG, ECF No. 22, at 1 (D. Colo. Apr. 10, 2024).

## II.    DISCUSSION

Before a state prisoner can appeal the denial of relief under 28 U.S.C. § 2241, he must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, as it was here, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In addition, "we may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar." *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

Here, there is such a procedural bar. Mr. Williams already received the earned time he sought. Therefore, he cannot obtain any relief through a habeas corpus

proceeding. "[T]he types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, . . . or immediate release from, or a shortened period of, custody altogether." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1037–38 n.2 (10th Cir. 2012).

Insofar as Mr. Williams seeks a ruling that portions of the Colorado parole statute are unconstitutional, we need not consider whether he can obtain a declaratory judgment through some other avenue.

## III.    CONCLUSION

We **DENY** Mr. Williams's request for a COA, **DENY** his motion to certify a question of state law, **DENY** him leave to proceed *in forma pauperis*, and **DISMISS** his appeal.

Entered for the Court

Harris L Hartz
Circuit Judge