**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

FILED
**United States Court of Appeals
Tenth Circuit**

**February 24, 2025**

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DUSTIN ALAN WALL,

    Defendant - Appellant.

No. 24-1459
(D.C. Nos. 1:22-CV-00143-WJM &
1:18-CR-00360-WJM-2)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Dustin Alan Wall, *pro se*, requests a certificate of appealability to appeal from

the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We

deny a COA and dismiss this matter.

**I. Background**

In 2020, Wall pleaded guilty to three counts alleged in a federal Information:

(1) interference with commerce by threats of violence and aiding and abetting the

same; (2) bank robbery and aiding and abetting the same; and (3) possession of a

firearm during and in relation to a crime of violence and aiding and abetting the

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

same, in violation of 18 U.S.C. § 924(c).  Count 3 flowed from a bank robbery in which Wall instructed his co-defendant to conduct the robbery and rode in the getaway vehicle throughout the course of events.  That co-defendant later admitted to law enforcement that he was armed during the robbery.  Wall's signed plea agreement makes clear that he "knew that [the co-defendant] had the firearm and that [the co-defendant] would be possessing it during the robbery."  R., Vol. I at 94.

In July 2023, Wall sought vacatur of his sentence in the district court under 28 U.S.C. § 2255 alleging, among other things, ineffective assistance of counsel.  Wall's primary argument below was that defense counsel was unconstitutionally deficient for failing to move to dismiss the § 924(c) count following the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), which he argues would have precluded his conviction for committing a crime of violence.  *See United States v. Wall*, No. 18-CR-360-WJM, 2024 WL 4665451, at *2 (D. Colo. Nov. 4, 2024).  Further, Wall argued that counsel should have moved to dismiss the § 924(c) charge "in combination with *Rosemand* [sic] *v. United States*, 572 U.S. 65, 70 (2014)," though the basis for this argument was not made obvious in his original motion, nor in the lower court's order.  *Id.*

The district court denied Wall's motion for two reasons.  *See id.*  First, Wall incorrectly believed *Davis*'s holding was relevant to his aiding and abetting charges.  *Id.*  The district court correctly explained that Wall's "aiding and abetting bank robbery conviction qualifie[d] as a crime of violence under the *elements* clause of section 924(c)(3)(A) . . . [t]hus the *Davis* decision—which struck down the *residual*

2

clause of section 924(c)(3)(B)—[was] inapposite here." *Id.* (emphasis in original). Second, the district court rejected Wall's argument that "he was 'coerced' to plead guilty." *Id.* As evidence of counsel's threats and misrepresentations, Wall cited a docket entry where he moved to withdraw his attorney. *See id.* The court found "Wall's conclusory assertion" unpersuasive and could not "perceive deficient performance nor prejudice from [his] thread-bare assertions." *Id.*

Wall did not file an application for a COA and the district court did not address whether one should issue. Instead, Wall filed a notice of appeal and raises only one issue in his brief: ineffective assistance of counsel based on counsel's failure to seek dismissal of the § 924(c) aiding and abetting charge considering the Supreme Court's holding in *Rosemond*.

Generally, appeals from a district court's denial of a § 2255 motion require a COA. *See* 28 U.S.C. § 2253(c)(1)(B). Pursuant to 10th Cir. R. 22.1(A), however, this Court may construe an appellant's notice of appeal and accompanying brief as a request for a COA.

Granting a COA is warranted when the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Where the district court reached the merits, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* The COA determination requires this Court to make a general assessment of the merits of the claim, but this assessment is only a "threshold inquiry [that] does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Just as this Court may affirm a decision on any ground supported by the record, so too may we deny COA on grounds supported by the record but not relied on by the district court. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005).

Because Wall appears *pro se*, we construe his filings liberally while remaining mindful not to serve as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## II.  Discussion

Even benefiting from liberal review, Wall's ineffective assistance of counsel claim fails—a reasonable jurist would not find the district court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484.

The Supreme Court established the two-pronged standard for ineffective assistance of counsel in *Strickland v. Washington.* 466 U.S. 668 (1984). Prong one, the performance component, requires the defendant to show that counsel's performance was objectively unreasonable under the circumstances. *See Strickland*, 466 U.S. at 687–88. Courts are highly deferential to counsel when undertaking such an examination and "indulge a strong presumption that counsel's conduct falls within

4

the wide range of reasonable professional assistance." *Id.* at 689. Prong two, the prejudice component, requires the defendant show that counsel's deficiencies prejudiced the defense. *Id.* at 687. To succeed, the defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result would have been different. *Id.* at 694.

Wall cannot satisfy *Strickland*'s first prong. Liberally construing Wall's argument below, he appears to assert that counsel was deficient for failing to assert a lack of "advance knowledge" (as required by *Rosemond*) vis-à-vis his § 924(c) aiding and abetting charge. *Rosemond* held that defendants charged with aiding and abetting a § 924(c) offense must have "advance knowledge that a confederate would use or carry a gun during the [predicate] crime's commission." 572 U.S. at 67. Here, Wall contends that he is being "held to account for possessing/brandishing guns he never knew of, never saw and/or never touched." Opening Br. at 12. But Wall admitted he knew about the gun in his signed plea agreement. Wall confirmed that he knew his co-defendant who robbed the bank had a firearm and would be possessing it during the robbery. It was reasonable under the circumstances for Wall's counsel to not move to dismiss the § 924(c) aiding and abetting charge in Count 3. Wall has not shown that reasonable jurists would debate the district court's decision to deny his § 2255 motion.

### III.  Conclusion

Wall's request for a COA is **DENIED** and we **DISMISS** this matter.  Wall's motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge